IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIMITRIOUS STOKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-2057-GMS |
| | ) |
| ROCKFORD CENTER and | ) |
| MOLLY JOHNSON, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM**

The plaintiff, Dimitrious Stokes ("Stokes"), who appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, alleges employment discrimination pursuant to Title VII of the Civil Rights Act of 1964. Pending are Stokes' motion for reconsideration and motion to dismiss deposition (D.I. 41, 51) and the defendants' motion to compel (D.I. 48).

### I. Motion for Reconsideration

On July 17, 2015, the court entered an order that ruled on several motions including one that denied Stokes' motion to impose sanctions against the defendants. (*See* D.I. 32, 37.) Stokes moves for reconsideration of the order, it appears, because the clerks have "halted him from" filing discovery requests alongside his answers. (D.I. 41.) While not clear, Stokes seems to refer that portion of the July 17, 2015 order that sealed docket item 23 and ordered docket item 24 to remain sealed.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros,*

176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Stokes has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's July 17, 2015 order. Therefore, the court will deny the motion for reconsideration.

## II.   Plaintiff's Deposition

The defendants Rockford Center ("Rockford") and Molly Johnson ("Johnson") (together "the defendants") move for an order to compel Stokes to attend his deposition and to extend the time to file dispositive motions or, in the alternative, for dismissal. (D.I. 48.) The defendants also seek sanctions in the form of reasonable attorneys' fees and costs. Stokes moves for dismissal of his deposition. (D.I. 51.) Stokes' deposition was noticed to take place on September 10, 2015. (*See* D.I. 42, 44.)

Stokes filed this lawsuit and, as a party, he may be deposed by the defendants without leave of court. *See* Fed. R. Civ. P. 30(a). While Stokes provides many reasons why he should not be required to attend his deposition, the court finds they do not provide a basis for refusal.

The defendants seek sanctions in the form of attorneys' fees and costs and, in the alternative to compelling Stokes to attend his deposition, dismissal. Sanctions are available

2

when a party fails to appear for the party's deposition after being served with proper notice. *See* Fed. R. Civ. P. 37(d)(1). Given Stokes' *pro se* status and, that prior to the deposition, he objected in writing, at this time the court declines to grant the motion for sanctions.

Stokes will be ordered to attend his deposition at a time and place agreed upon by the parties. Stokes is placed on notice that should he fail to attend his deposition, he may be subject to sanctions, including dismissal of the case pursuant to Fed. R. Civ. P. 37(b) and (d). The scheduling order will be amended to extend the time to depose Stokes and for the filing of dispositive motions. For the above reasons, the defendants' motion is granted in part and denied in part and Stokes' motion is denied.

## III. Conclusion

For the above stated reasons, the court will: (1) deny Stokes' motion for reconsideration (D.I. 41) and the motion to dismiss his deposition (D.I. 51); and (2) grant in part and deny in part the defendant's motion to compel (D.I. 48).

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

Dec 10, 2015
Wilmington, Delaware

3