IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIMITRIOUS STOKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-2057-GMS |
| | ) |
| ROCKFORD CENTER and | ) |
| MOLLY JOHNSON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Dimitrious Stokes ("Stokes"), who appears *pro se* and was granted permission to proceed *in forma pauperis*, alleges employment discrimination pursuant to Title VII of the Civil Rights Act of 1964. Pending are Stokes' motion for reconsideration (D.I. 61), the motion for protective order (D.I. 68) of the defendants Rockford Center ("Rockford") and Molly Johnson ("Johnson") (together "the defendants"), and Stokes' motion to strike the defendants' motion (D.I. 71).

**I.   Motion for Reconsideration**

On December 29, 2015, the court entered an order that denied Stokes' emergency motion for expedited consideration or a protective order. (*See* D.I. 60.) As stated in the order, it appeared that Stokes sought relief with regard to appearing at his deposition. On January 6, 2016, Stokes filed a motion for reconsideration of emergency sanctions. (D.I. 61.) In addition, he seeks a review of sealed filings maintained in the Clerk's Office, as opposed to those of defense counsel, "for any inconsistencies." (*Id.*)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Stokes has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's December 29, 2015 order. Moreover, nothing in the record hints that emergency sanctions against the defendants are warranted. In addition, the defendants advise the court that documents filed under seal were also provided to Stokes. Therefore, the court will deny the motion for reconsideration.

## II.     Motion for Protective Order

The defendants move for a protective order. (D.I. 68.) Stokes moves to strike the motion. (D.I. 71.) The court will deny the motion to strike.

On January 22, 2015, the court entered a scheduling order for the completion of all discovery on or before July 23, 2015. (D.I. 20.) The defendants state that on January 7, 2016, Stokes contacted, or attempted to contact, Johnson (who is represented by counsel) at her place of employment to inform Johnson of his intent to depose her. The defendants state that Stokes never requested Johnson's deposition prior to January 7, 2016.

Subsequently, the defendants asked Stokes to direct any discovery inquiries to counsel, and not to Johnson, but Stokes refused citing to Fed. R. Civ. P. 30(b)(4). The defendants request that, to the extent Stokes seeks to obtain discovery, all efforts be made through defense counsel. The defendants further request that Stokes refrain from calling Johnson's employer in an attempt to contact her. With regard to the discovery deadline, the defendants ask that Stokes be barred from seeking additional discovery. They note that Stokes made no effort to depose any individuals during the six month discovery period. Finally, the defendants ask the court to impose sanctions in the form of attorneys' fees.

In Stokes' motion to strike (D.I. 71), he discusses tampering of his property, interference with mail delivery, and speculates that his deposition transcript was either not delivered or it was stolen from his mail. Stokes states that he only contacted Johnson after he received no response from defense counsel. Finally, Stokes reminds the court that he acted in accordance with the December 10, 2015 order that mandated his participation in his deposition.

A party or any person from whom discovery is sought may move for a protective order, and the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). At this juncture, the court will deny the motion for protective order and for sanctions. Stokes proceeds *pro se* and indicates that he only sought to contact Johnson after receiving no response from defense counsel. Hence, the court accords Stokes some leeway. Stokes, however, is placed on notice that, in the future, he should not contact Johnson directly and should communicate only with her attorney. Finally, the court notes that the discovery deadline has long expired, it has not been extended and, while Stokes may serve discovery or attempt to depose individuals, the defendants

are under no obligation to respond to his discovery requests. The court will consider a renewed motion for sanction should Stokes disregard this memorandum and order.

For the above reasons, the defendants' motion is denied.

## III. Conclusion

For the above stated reasons, the court will deny: (1) Stokes' motion for reconsideration (D.I. 61); (2) the defendant's motion for protective order (D.I. 68); and Stokes' motion to strike (D.I. 71).

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

__Feb 9__, 2016
Wilmington, Delaware

4